UNITED STATE DISTRICT COURT
SOUTHERN DICTRICT OF NEW YORK

KARIM H. KAMAL,

               Plaintiff,

     -  against -

RAGHBIR SINGH, UBER TECHNOLOGIES, INC. and AMERICAN TRANSIT INSURANCE COMPANY,

               Defendants.

**COMPLAINT**

PLAINTIFF DEMANDS A TRIAL BY JURY

CASE NO. cv-23-5498

Plaintiff Karim H. Kamal ("Plaintiff"), by and through the undersigned counsel, The Law Office of Karim H. Kamal, complaining of the defendants RAGHBIR SINGH ("Singh"), UBER TECHNOLOGIES, INC. ("Uber") and AMERICAN TRANSIT INSURANCE COMPANY ("American Transit"), respectfully alleges, upon information and belief, as follows:

## NATURE OF CLAIMS

1. This is a civil action for property damage and personal injuries suffered by Plaintiff as against the Defendants arising out of a motor vehicle accident on November 25, 2022 in City of New York, State of New York, between an Uber car operated by defendant Raghbir Singh and Uber and a motor vehicle owned and operated by Plaintiff. The Defendants' negligence was the cause of the property damage and Plaintiffs' injuries.

## VENUE AND JURISDICTION

2. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(l) where the subject accident involves parties of different states.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) in that a

substantial part of the events or omissions giving rise to the claim occurred in said district.

4. The amount in controversy exceeds $150,000 in that the Plaintiffs' property damages and personal injuries exceeds that amount.

## PARTIES

5. Plaintiff is an individual citizen of New Jersey.

6. Singh is an individual citizen of New York.

7. Uber has its principal place of business at 1455 Market St. Ste 400, San Francisco, CA 94103.

8. Uber is an on-demand transportation company doing business is the City and State of New York at 175 Greenwich St, New York, NY 10006.

9. American Transit Insurance Company has its principal place of business at 330 W 34th St., New York, NY 10001.

## AS AND FOR A FIRST CAUSE OF ACTION

10. The accident occurred at 6th Avenue & Carmine Street, New York, NY on November 25, 2022 at approximately 9:30 pm.

11. Defendant Singh was the operator of a motor vehicle bearing a New York registration.

12. At the aforesaid time and place, Defendant Singh, used and operated the aforesaid motor vehicle in such a reckless, careless, grossly-negligent and irresponsible manner so as to cause the motor vehicle to strike Plaintiffs parked motor vehicle with Plaintiff inside, resulting in property damage and personal injuries to Plaintiff.

13. One or more of the exceptions in CPLR § 1602 apply to the action and claim for damages.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1"

through "13" above with the same force and effect as if more fully set forth herein, and further alleges:

15. By reason of the foregoing, Plaintiff sustained "serious physical injuries" as defined by Article 51 of the New York State Insurance Law.

16. As a result of defendant's reckless, careless, grossly-negligent and irresponsible driving, Plaintiff sustained injuries and damages resulting therefrom, and those injuries occurred as the result of defendant's gross negligence in the operation and ownership of defendant's motor vehicle.

17. Plaintiff suffered loss wages, pain and suffering and exorbitant expenses related to the damage and repair of his motor vehicle.

## AS AND FOR A THIRD CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "17" above with the same force and effect as if more fully set forth herein, and further alleges:

19. Defendant's careless, reckless, irresponsible and gross negligence in the operation of a motor vehicle that resulted in serious physical injuries to Plaintiff and the damages resulting therefrom occurred while defendant was working for and was on duty for Uber.

20. By reason of the facts aforesaid, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "23" above with the same force and effect as if more fully set forth herein, and further alleges:

22. American Transit Insurance Company is the insurance carrier for the defendant driver.

23. In correspondence with Plaintiff dated December 14, 2022, American Transit stated that they "have determined our insured [Singh] to be **100** responsible for this accident." (Emphasis in original).

24. Nonetheless, Defendant American Transit Insurance Company repeatedly denied Plaintiff's claim.

25. Defendant American Transit Insurance Company also denied Plaintiff's claim for lost wages.

26. Defendant American Transit Insurance Company failed to cooperate with Plaintiff.

27. Defendant American Transit Insurance Company acted in bad faith.

28. To illustrate, Defendant American Transit Insurance Company stated in correspondence dated December 14, 2022 that "if a settlement cannot be reached over the telephone and there is need for further discussion, an appointment must be made before coming into the office to speak to the examiner."

29. Needless to say, once a settlement could not be reached between the parties, Defendant American Transit Insurance Company ignored all attempts by Plaintiff and his representatives to schedule "an appointment."  Dozens of emails and voicemails were ignored over the course of several months, affording Plaintiff no choice but to file suit.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement against Defendants in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages herein above alleged, costs of suit and any further relief which this Court finds just and proper, including, but not limited to:

(a)  directing defendants to pay an additional amount to compensate plaintiff of the emotional distress defendants' unlawful conduct has caused plaintiff;

  (b)  awarding plaintiff such interest as is allowed by law;

  (c)  awarding of punitive damages in an amount to be determined at trial for Defendant's bad faith.

DATED: June 28, 2023
     New York, NY

         Respectfully Submitted,

         _____
         Karim H. Kamal (KK-2279)
         Law Office of Karim H. Kamal
         430 East 86th Street, Suite 14B
         New York, NY 10028
         Tel: (212) 586-0510