UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KARIM H. KAMAL.,

                Plaintiff,

- against -

RAGHBIR SINGH, UBER TECHNOLOGIES, INC., and
AMERICAN TRANSIT INSURANCE COMPANY

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No: 1:23-cv-05498

**ANSWER**

      Defendant, UBER TECHNOLOGIES, INC, ("Answering Defendant") by their attorneys, VAUGHAN BAIO & PARTNERS, as and for an Answer to plaintiff's Complaint, allege upon information and belief the following:

## **NATURE OF CLAIMS**

      1.      Denies each and every allegation contained in paragraph "1" of plaintiff's Complaint insofar as they relate to the Answering Defendant and denies ownership, operation and control of the motor vehicle referenced to in the Complaint and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of plaintiff's Complaint insofar as they relate to any other defendant and respectfully refers all questions of law to the Court.

## **VENUE AND JURISDICITON**

      2.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of plaintiff's Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of plaintiff's Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of plaintiff's Complaint.

**PARTIES**

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of plaintiff's Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of plaintiff's Complaint.

7. Denies each and every allegation contained in paragraph "7" of plaintiff's Complaint. .

8. Denies each and every allegation contained in paragraph "8" of plaintiff's Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of plaintiff's Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of plaintiff's Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of plaintiff's Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of plaintiff's Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of plaintiff's Complaint and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

14. As and for a response to paragraph "14" of plaintiff's Complaint, the Answering Defendant repeats and realleges each and every response to paragraphs "1" through "13" as if more fully set forth herein.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of plaintiff's Complaint and respectfully refer all questions of law to the Court.

16. Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint insofar as they relate to the Answering Defendant and denies ownership, operation and control of the motor vehicle referenced to in the Complaint and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of plaintiff's Complaint insofar as they relate to any other defendant and respectfully refers all questions of law to the Court.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of plaintiff's Complaint.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**

18. As and for a response to paragraph "18" of plaintiff's Complaint, the Answering Defendant repeats and realleges each and every response to paragraphs "1" through "17" as if more fully set forth herein.

19. Denies each and every allegation contained in paragraph "19" of plaintiff's Complaint insofar as they relate to the Answering Defendant and denies ownership, operation and

control of the motor vehicle referenced to in the Complaint and expressly denies there is or was any employment or agency relationship between UBER TECHNOLOGIES, INC, and defendant RAGHBIR SINGH and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of plaintiff's Complaint insofar as they relate to any other defendant and respectfully refers all questions of law to the Court.

20. Denies each and every allegation contained in paragraph "20" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

21. As and for a response to paragraph "21" of plaintiff's Complaint, the Answering Defendant repeats and realleges each and every response to paragraphs "1" through "21"[1] as if more fully set forth herein.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of plaintiff's Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of plaintiff's Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of plaintiff's Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of plaintiff's Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of plaintiff's Complaint.

---

[1] Although Paragraph "21" of plaintiff's Complaint states it is repeats and realleges each and every allegation contained in Paragraphs "1" through "23", it is assumed this was a drafting error. To the extent plaintiff intended to include Paragraph "23", the Answering Defendant's repeat and reallege their response to that Paragraph with the same forced and effect.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of plaintiff's Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of plaintiff's Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of plaintiff's Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The answering defendant reserves the right to claim the limitation of liability for non-economic loss provided pursuant to Article 16 of the CPLR.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

The plaintiff assumed the risk of all the dangers intended upon the activity upon which the plaintiff was engaged at the time of the alleged accident and is therefore barred from recovering on the claim asserted. All the damages and risks incident to the situation mentioned in the Complaint were open, obvious and apparent, and were known and assumed by the plaintiff. In assuming the risks attendant with her conduct, the plaintiff failed to act as a reasonable and prudent person with regard to her own safety and well-being.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

To the extent that the plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitative services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, Social Security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of CPLR §4545

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**
Any injuries sustained or suffered by the plaintiff as stated in the Complaint were caused in whole or in part by the comparative/contributory negligence of the plaintiff. If a verdict or judgment is awarded to the plaintiff, then and in that event, the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**
If plaintiff was caused to sustain damages at the time and place set forth in the Complaint, it was due to the culpable conduct of person or persons presently unknown.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**
Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**
That the costs incurred, or paid by the plaintiff, if any, for repair of property damage, medical care, dental care, custodial care or rehabilitation services, loss of earning or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from one or more collateral sources of the type described in CPLR § 4545, including by or through insurance available to the plaintiff under the terms of the Patient Protection and Affordable Care Act, and as such the defendant is entitled to have any award reduced in the amount of such payments.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**
At all times relevant hereto RAGHBIR SINGH was <u>not</u> logged into the driver version

of the Uber App and therefore had no relationship to the Answering Defendant. Accordingly, the Answering Defendant has no relationship to or involvement with this alleged accident. To the extent any relationship is construed, and without waiving said objection, Answering Defendant alleges plaintiff's complaint, and each cause of action therein, should alternatively be barred under the independent contractor defense since RAGHBIR SINGH was responsible for his own means and methods.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**
Plaintiff's Complaint fails to join appropriate parties in this action.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**
Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**
Plaintiff did not sustain a serious injury as defined by 5102(d) of the New York State Insurance Law.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**
The alleged injuries suffered by plaintiff were not proximately caused by the alleged accident at issue in this action or by any actions of the answering defendants.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**
The answering defendant specifically denies ownership, operation and control of any of the motor vehicles alleged in plaintiff's Complaint at the time, date, and place referred to in the Complaint.

**ON A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A FIRST CROSS-CLAIM AGAINST RAGHBIR SINGH AND AMERICAN TRANSIT INSURANCE COMPANY, THE ANSWERING DEFENDANT RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

If the plaintiff was caused to sustain damages at the time and place set forth in plaintiff's Complaint through any carelessness, recklessness, and/or negligence other than the plaintiffs own, such damages were sustained in whole due to the primary and active carelessness, recklessness, and/or negligent acts or omissions, or commissions by the co-defendants RAGHBIR SINGH and AMERICAN TRANSIT INSURANCE COMPANY,, their agents, servants, and/or employees. Further, if plaintiff should recover judgment against the answering defendants, then the answering defendant is entitled to common law indemnification from and judgment over and against the co-defendants RAGHBIR SINGH and AMERICAN TRANSIT INSURANCE COMPANY,, for all or any part of any verdict or judgment which the plaintiff may recover in such amounts as the Court or jury may direct. By reason of the action, said answering defendant has been and will be put to costs and expenses, including attorneys' fees.

**ON A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A SECOND CROSS-CLAIM AGAINST RAGHBIR SINGH AND AMERICAN TRANSIT INSURANCE COMPANY,,THE ANSWERING DEFENDANT RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

If the plaintiff was caused to sustain damages at the time and place set forth in plaintiff's Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by reason of the carelessness, recklessness, and negligence, and/or negligent acts or omission or commission by the co-defendants, RAGHBIR SINGH and AMERICAN TRANSIT INSURANCE COMPANY, their agents, servants, and/or employees. Further, if plaintiff should recover judgment against

the Answering Defendant, then RAGHBIR SINGH and AMERICAN TRANSIT INSURANCE COMPANY, shall be liable on basis of apportionment of responsibility for the alleged occurrence, and the answering defendant is entitled to contribution from and judgment over and against the co-defendant(s) for such or part of any verdict or judgment which plaintiff may recover in such amounts as a jury or Court may direct.

**WHEREFORE**, defendant, UBER TECHNOLOGIES, INC, demands judgment dismissing the plaintiff's Complaint and further demands judgment over and against defendants RAGHBIR SINGH and AMERICAN TRANSIT INSURANCE COMPANY, for the amount of any judgment obtained against the answering defendant or on the basis of apportionment of responsibility, or in such amounts as a jury or Court may direct, together with the costs, disbursements and attorneys' fees of this action and any expenses incurred in the defense thereof.

## DEMAND FOR A JURY TRIAL

Defendant Uber Technologies Inc., demands a trial by jury as to all issues raised in the Complaint and this Answer where are triable before a jury.

Dated: New York, New York
September 22, 2023

                                                Yours, etc.,

                                                VAUGHAN BAIO & PARTNERS

                                                By: s/Ryan A. McKeon
                                                Ryan A. McKeon, Esq.
                                                Attorneys for Defendant
                                                UBER TECHNOLOGIES, INC.,
                                                229 West 36th Street, 8th Floor
                                                New York, NY 10018

TO:
All Parties Via Electronic Filing