UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM H. KAMAL,

               Plaintiff,

        -v-

RAGHBIR SINGH, ET AL.,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/2026

**ORDER**

23-CV-5498 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court held a final pretrial conference in advance of the trial in this action scheduled to commence on March 17, 2026. During the conference, the Court addressed the parties' in limine motions, ECF Nos. 67 and 68, and the parties' proposed pretrial order, proposed voir dire questions, proposed jury charge, and proposed verdict sheet. For the reasons discussed during today's conference, the Court rules as follows:

Plaintiff's Motion in Limine, ECF No. 68

Plaintiff's request to bifurcate the trial is denied.

Plaintiff's request to exclude evidence of Plaintiff's drug abuse or alcohol misuse is granted, but this ruling does not preclude Defendants from reasonable cross examination on these issues.

Defendants' Motion in Limine, ECF No. 67

Defendants' request to dismiss Plaintiff's claim of serious injury is denied without prejudice as an untimely summary judgment motion.

1

Defendants' request to dismiss Plaintiff's third-party bad faith claim against American Transit is granted.

Defendants' request to preclude the Jane Doe witness from testifying at trial is granted.

Defendants' request to preclude Ms. Kronman, LCSW from testifying or offering records is granted in part and denied in part. Ms. Kronman is precluded from testifying as an expert witness, though she may present testimony as a fact witness limited to her personal knowledge of Plaintiff's treatment. Plaintiff is ordered to authorize and direct Ms. Kronman to produce her treatment records to Defendants by **February 25, 2026**. The deposition of Ms. Kronman shall occur by **March 4, 2026**. If Ms. Kronman fails to produce treatment records or appear for deposition by the dates set forth above, she will be precluded from testifying at trial in any capacity.

Defendants' request to preclude Dr. Holland from testifying at trial is granted in part and denied in part. Dr. Holland is precluded from testifying as an expert witness, though she may present testimony as a fact witness limited to her personal knowledge of Plaintiff's treatment.

Defendants' request to dismiss Plaintiff's claim of lost wages is granted.

Defendants' request to exclude American Transit's 2018 and 2019 Reports on Examination is granted.

Defendants' request to quash trial subpoenas to American Transit personnel, Ralph Bisceglia and Catherine McGettigan, is granted.

Defendants' request to exclude pre-litigation correspondence with American Transit personnel regarding settlement is granted.

Defendants' request to exclude Singh's MV-104 form is denied.

<u>Joint Pretrial Order</u>

Plaintiff's proposed designation of Singh's deposition testimony transcript is denied.

To the extent discussed in relation to the in limine motion rulings, Plaintiff's trial exhibits 3 and 4 are excluded.  Additionally, Plaintiff's trial exhibit 1 as currently described is excluded as vague.  Plaintiff may provide a more specific disclosure of what particular documents produced by Uber Technologies or by Plaintiff, and what particular emails between Plaintiff and American Transit that are not related to settlement he intends to introduce at trial.

As Plaintiff stated his intent to provide testimony at trial, Plaintiff should be listed as a witness in the joint pretrial order.

Defendants' trial exhibit D as currently described is excluded as vague. Defendants may provide a more specific disclosure of what particular documents within Dr. Holland's medical file pertaining to plaintiff they intend to introduce at trial.

Defendants may also add expert reports as exhibits for the purpose of identification to the joint pretrial order.

The parties are directed to filed a revised joint pretrial order by **February 25, 2026**, that complies with the rulings as set forth herein and as more specifically

described during today's conference.  The parties are also directed to email a word version of the joint pretrial order to RicardoNYSDChambers@nysd.uscourts.gov by the same date.

## Voir Dire Questions

The parties' proposed voir dire questions are approved as discussed during today's conference.

## Requests to Charge

As discussed during today's conference and without objection, the Court intends to strike certain jury instructions or portions thereof.  The parties are directed to email a word version of the joint proposed requests to charge to RicardoNYSDChambers@nysd.uscourts.gov by **February 25, 2026**.

## Verdict Sheet

As discussed during today's conference and without objection, the Court intends to revise the proposed verdict sheet to account for unanimous verdict rather than a polled verdict and to eliminate Question 10.  The parties are directed to email a word version of the joint proposed verdict sheet to RicardoNYSDChambers@nysd.uscourts.gov by **February 25, 2026**.

Additionally, by the same date, the parties are directed to file a letter addressing the relationship between Questions 4 and 5 on the proposed verdict sheet.

<u>Request to Adjourn Trial</u>

During today's conference, Plaintiff requested adjournment of the trial date *sine die* while he attempts to retain trial counsel.  Plaintiff's adjournment request is denied without prejudice to renewal by counsel upon the entry of a formal appearance.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 67 and 68 as **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED.**

Dated: February 18, 2026
    New York, New York

Henry J. Ricardo
United States Magistrate Judge