UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM H. KAMAL,

                    Plaintiff,

         -v-

RAGHBIR SINGH ET AL.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/2026

**ORDER**

23-CV-5498 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

         The Court held a conference on March 5, 2026 to address final pretrial matters.  The parties are directed to submit a binder of pre-marked exhibits to the Court by **5:00 p.m.** on **March 10, 2026**.  The trial is scheduled to begin on **March 17, 2026** at **10:00 a.m.** in Courtroom 21D at 500 Pearl Street, New York, New York 10007, and will continue from day to day until completed.

         During the conference, the parties raised no objections to the drafts of the Pretrial Order, Jury Charge, and Verdict Sheet attached to the Court's March 2, 2026 Order.  ECF No. 79.  Attached to this Order are the final versions of the Pretrial Order, Jury Charge, and Verdict Sheet.

         Additionally, during the conference, the parties raised no objections to the Court's proposal regarding Plaintiff's direct testimony.  Accordingly, the Court will pose the following questions to Plaintiff during his direct testimony:

- Please describe what you saw on the night of November 25, 2022.  In doing so, I remind you to limit your testimony to what you personally saw and what you personally did.

1

- Was there damage to your car from this incident?  Please describe that.

- Did you experience any personal injury from this incident?  Please describe that.

The parties agreed to select seven jurors.  The parties also agreed that exhibits will be presented in hard copy.  The parties must ensure that they have at least ten copies of each exhibit (one per juror, and three copies for the Court).

**SO ORDERED.**

Dated: March 6, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KARIM H. KAMAL,                                    Civil Action No. 23-cv-05498

                        Plaintiff,

                                                   **JOINT PRETRIAL ORDER**
          -against-

RAGHBIR SINGH, UBER TECHNOLOGIES, INC. and
AMERICAN TRANSIT INSURANCE COMPANY,

                        Defendants.
-------------------------------------------------------------------X

## I.     PARTIES AND COUNSEL

      Law Office of Karim H. Kamal
430 East 86th Street, Suite 14B
New York, NY 10028
Counsel for Plaintiff

Barry McTiernan & Moore LLC
One Battery Park Plaza, 35th Floor
New York, New York 10004
Counsel for Defendants
Raghbir Singh and American Transit Insurance Company

## II.    JURISDICTION

This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(l) where the subject accident involves parties of different states. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in said district.

## III.   JURY OR BENCH TRIAL

This case is to be tried by a jury. The parties anticipate two days of trial are needed. The parties have consented to trial before a magistrate judge.

**IV.    NATURE OF THE CASE**

This action arises out of a motor vehicle accident that occurred on November 25, 2022 in New York, New York.

**V.    STIPULATED FACTS**

1.    The accident occurred on November 25, 2022.

2.    The accident occurred at approximately 9:30 PM.

3.    The accident occurred at or near the intersection of Carmine Street and Sixth Avenue in Manhattan.

4.    Prior to the accident, Plaintiff Karim H. Kamal had been diagnosed with Post-Traumatic Stress Disorder and Depression.

**VI.    CLAIMS AND DEFENSES**

**<u>Plaintiff</u>**:  Defendant Singh negligently left his vehicle in "drive" while getting a slice of pizza, admitting to that fact in Motor Vehicle accident report.  As a result, Singh's driverless vehicle crashed into plaintiff's vehicle while plaintiff was legally parked in his car with the ignition off and speaking to a friend on his mobile phone.  The car proceeded into oncoming 6th avenue traffic and about to smash into a car parked on the other side of 6th Avenue.  Plaintiff immediately exited his car and commandeered the driverless vehicle before causing further injury and damage and parked it safely.

Defendant ATIC displayed actionable and extreme bad faith stonewalled all of plaintiff's good faith efforts at settlement because ATIC was then, and is now, virtually bankrupt.

**<u>Defendants</u>**:

It is unknown why defendant Raghbir Singh's vehicle came into contact with plaintiff's vehicle. Plaintiff did not observe Mr. Singh's vehicle before the impact, and he did not recall at

his deposition which gear Mr. Singh's vehicle was in when plaintiff entered it after the impact. Mr. Singh only knows what plaintiff told him regarding how the accident allegedly occurred, because Mr. Singh was in a restaurant during the incident and therefore did not personally witness how it occurred. Plaintiff is unable to identify the alleged witnesses to the incident, although he claims the incident was witnessed by two unknown women whose names and contact information he does not possess.

Plaintiff did not sustain a serious injury within the meaning of the Insurance Law. When he completed an accident report for defendant American Transit Insurance Company following the accident, plaintiff stated in no uncertain terms that he did not sustain any injuries at all as a result of the accident.

Plaintiff does not allege any physical injuries as a result of the accident. Instead, he alleges only psychological injury. However, the exact same psychological issues plaintiff alleges he suffered as a result of the accident pre-dated the accident by decades, a fact proven by plaintiff's own deposition testimony and medical records. Any exacerbation of plaintiff's preexisting mental health problems that occurred as a result of the accident was negligible. It is further defendants' contention that any exacerbation of plaintiff's preexisting mental health issues, assuming there was any exacerbation, was caused solely by his unreasonable decision to chase Mr. Singh's vehicle onto Sixth Avenue after it made contact with plaintiff's vehicle instead of allowing Mr. Singh's vehicle to come to a stop on its own.

## VII.    DEPOSITION DESIGNATIONS

**Plaintiff**: n/a

**Defendants**: Defendants do not anticipate the need to present deposition testimony instead of live testimony in their case-in-chief. However, defendants reserve the right to use deposition testimony

for impeachment purposes, in rebuttal, and to the extent a live witness listed in the order is not available or not called at trial.

## VIII.  EXHIBITS

Each party provides its list of trial exhibits subject to the following reservations of rights:

a.  Each party reserves the right not to offer any of the exhibits listed below, or to offer all or any portion of an exhibit.

b.  Each party reserves the right to offer and use any of the exhibits for more than one purpose.

c.  Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.

d.  Each party reserves the right to offer additional exhibits at trial for purposes of impeachment, rebuttal, or rehabilitation, including but not limited to any and all transcripts of depositions conducted in this matter, or any portion thereof.

**Plaintiff**:

| EXHIBIT | DESCRIPTION | OBJECTIONS |
|---|---|---|
| 1 | Plaintiff's claim statement to American Transit | Fed. R. Evid. 802 |
| 2 | Defendant's signed Motor Vehicle Accident Report, form MV-104, submitted to UBER Technologies | Fed. R. Evid. 403, 802 |
| 3 | Uber's supplemental discovery response disclosing defendant Singh's App and GPS data | Fed. R. Evid. 402. Documentation is not authenticated as a business record. |
| 4 | Plaintiff's documentation of repairs to headlight and body of plaintiff's car | Documentation is not authenticated as a business record. |
| 5 | Receipt for rental car | Documentation is not authenticated as a business record. |
| 6 | Photographs sent by plaintiff to American Transit prior to the commencement of litigation | Documentation is not authenticated as a business record. These photographs were not exchanged during discovery. |

**Defendants**:

| EXHIBIT | DESCRIPTION | OBJECTIONS |
|---|---|---|
| A | Curriculum Vitae of Dr. Regine Bruny-Olawaiye | Report indicates recreational drug abuse which never occurred. |
| B | Plaintiff's signed accident report on American Transit Insurance Company letterhead | |
| C | Google Maps image of subject intersection | |
| D | Portions of Dr. Julie Holland's medical file pertaining to plaintiff. Specific notes to be introduced are bate stamped Holland-002-003, 005, 006, 010, 018, 019, 028, 029, 031, 032, 033, 034, 035, 036, 037 | |
| E | Email dated April 1, 2025, entitled "Patient Karim Kamal", from Rebecca Kronman, LCSW to Julia Gallagher, et al. | |
| F | Report of Dr. Regine Bruny-Olawaiye dated March 14, 2025 – for identification only | |

## IX.    WITNESSES

Each party provides its list of witnesses to be offered in its case-in-chief subject to the following reservation of rights:

a. Each party reserves the right not to offer the testimony of any designated witness.

b. Each party reserves the right to offer live or deposition testimony (where authorized by Fed. R. Civ. P. 32) of any witness designated by the other party.

c. Each party reserves the right to offer live or deposition testimony from rebuttal witnesses.

**Plaintiff**:

| WITNESS | TOPIC | OBJECTIONS |
|---|---|---|
| Julie Holland | Plaintiff's treating psychiatrist at the time and subsequent to the accident | Dr. Holland can only testify as a fact witness. |
| Karim H. Kamal | | |

**Defendants**:

| WITNESS | TOPIC | OBJECTIONS |
|---|---|---|
| Raghbir Singh | The circumstances of the accident; events leading up to and occurring shortly thereafter | |
| Dr. Regine Bruny-Olawaiye | The findings and opinions contained in her report dated March 14, 2025; her interpretation and opinion of medical and psychological/psychiatric records and/or testimony; causality; nature and severity of plaintiff's claimed injuries, including his prognosis and permanency | |
| Dr. Julie Holland | Her psychiatric treatment of plaintiff before and after the subject accident; plaintiff's mental health and psychiatric condition(s) prior to the subject accident; plaintiff's mental health and psychiatric condition(s) after the subject accident; stressors in plaintiff's life aside from the subject accident; her records pertaining to her treatment of plaintiff, including authentication of same; whether plaintiff discussed the subject accident with her. | |

Dated: February 27, 2026

Respectfully Submitted,


By: _/s/ Karim H. Kamal_____
        KARIM H. KAMAL, ESQ.
        Plaintiff Pro Se



By: _____
        COURTNEY CHADWELL, ESQ.
        Counsel for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KARIM H. KAMAL ,                                          Civil Index No.: 23-cv-5498

                              Plaintiff,                  **JOINT REQUESTS**
                                                          **TO CHARGE**

              -against-

RAGHBIR SINGH, UBER TECHNOLOGIES,
INC. and AMERICAN TRANSIT INSURANCE
COMPANY,

                              Defendants.
-----------------------------------------------------------X

     Plaintiff KARIM H. KAMAL and Defendants RAGHBIR SINGH and AMERICAN

TRANSIT INSURANCE COMPANY jointly hereby submit the following Requests to Charge:

| CHARGE NO. | SUBJECT | PAGE |
|:---:|---|:---:|
| 1. | General Introduction – Province of The Court and Jury | 3 |
| 2. | All Persons Equal Before the Law – Organizations | 5 |
| 3. | Evidence in The Case – Stipulations – Judicial Notes – Inferences Permitted | 6 |
| 4. | Court's Comments Not Evidence | 7 |
| 5. | Questions Not Evidence | 8 |
| 6. | Preponderance of The Evidence | 9 |
| 7. | "If You Find" Or "If You Decide" | 10 |
| 8. | Evidence – Direct – Indirect or Circumstantial | 11 |
| 9. | Inferences Defined – Presumption of Regularity – Ordinary Course of Business – Obedience to Law | 12 |
| 10. | General Instruction – Circumstantial Evidence | 13 |
| 11. | Oral Admissions – Viewed with Caution | 15 |
| 12. | Number of Witnesses | 16 |
| 13. | Single Witness | 17 |
| 14. | Failure to Call Available Witness | 18 |
| 15. | Failure to Produce Available Evidence | 19 |
| 16. | Witness Credibility | 20 |
| 17. | Credibility of Witnesses – Discrepancies in Testimony | 22 |

1

| 18. | Falsus In Uno | 24 |
|---|---|---|
| 19. | [Intentionally Omitted.] | 25 |
| 20. | Effect of Prior Inconsistent Statements or Conduct – By A Witness Not A Party – By A Party | 26 |
| 21. | All Available Evidence Need Not Be Produced | 27 |
| 22. | General Instruction – Interested Witness - Generally | 28 |
| 23. | General Instruction – Expert Witnesses | 29 |
| 24. | Consider only Competent Evidence | 31 |
| 25. | Weighing Testimony | 32 |
| 26. | Burden of Proof – General Instruction | 33 |
| 27. | Negligence | 34 |
| 28. | Foreseeability | 35 |
| 29. | Proximate Cause | 36 |
| 30. | Comparative Fault | 37 |
| 31. | Burden of Proof – When Burden Differs on Different Issues | 39 |
| 32. | Damages – General | 41 |
| 33. | [Intentionally Omitted.] | 42 |
| 34. | Damages – Personal Injury-Injury And Pain And Suffering | 43 |
| 35. | Return to Courtroom | 44 |
| 36. | Consider Only Testimony and Exhibits | 45 |
| 37. | Juror's Use of Professional Experience | 46 |
| 38. | Exclude Sympathy | 47 |
| 39. | No-Fault Law--Serious Injury--Significant Limitation of Use of Body Function or System | 48 |
| 40. | No-Fault Law--Serious Injury—Non-permanent Medically Determined Injury that Prevents Performance of Usual and Customary Daily Activities for 90 of 180 Days Immediately Subsequent to Injury | 49 |
| 41. | Conclusion | 50 |

**REQUESTED JURY INSTRUCTION NO. 1**

**<u>GENERAL INTRODUCTION –</u>**
**<u>PROVINCE OF THE COURT AND JURY</u>**

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENTS, IT BECOMES MY DUTY TO GIVE YOU THE INSTRUCTIONS OF THE COURT AS TO THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE. NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW STATED BY ME.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE GOVERNING RULES OF LAW IN THEIR ARGUMENTS. IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT STATED BY THE COURT IN THESE INSTRUCTIONS, YOU ARE OF COURSE TO BE GOVERNED BY THE COURT'S INSTRUCTIONS.

NOTHING I SAY IN THESE INSTRUCTIONS IS TO BE TAKEN AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THE CASE, OR WHAT THAT OPINION IS. IT IS NOT MY FUNCTION TO DETERMINE THE FACTS, BUT RATHER YOURS.

YOU MUST PERFORM YOUR DUTIES AS JURORS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. THE LAW DOES NOT PERMIT YOU TO BE GOVERNED BY SYMPATHY, PREJUDICE OR PUBLIC OPINION. ALL PARTIES EXPECT THAT YOU WILL

3

CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE, FOLLOW THE

LAW AS IT IS NOW BEING GIVEN TO YOU, AND REACH A VERDICT, REGARDLESS OF

THE CONSEQUENCES.

---

Source:      1.      Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 71.01 (1987 and 1999 Supp.)

**REQUESTED JURY INSTRUCTION NO. 2**

**<u>ALL PERSONS EQUAL BEFORE THE LAW – ORGANIZATIONS</u>**

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE. A PRIVATE INDIVIDUAL IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS. ALL PERSONS, INCLUDING CORPORATIONS, PARTNERSHIPS, UNINCORPORATED ASSOCIATIONS, AND OTHER ORGANIZATIONS, STATED EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 71.04 (1987 and 1999 Supp.)

## REQUESTED JURY INSTRUCTION NO. 3

### EVIDENCE IN THE CASE – STIPULATIONS – JUDICIAL NOTICE – INFERENCES PERMITTED

STATEMENTS AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE. WHEN, HOWEVER, THE ATTORNEYS ON BOTH SIDES STIPULATED OR AGREE AS TO THE EXISTENCE OF A FACT, THE JURY MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AND REGARD THAT FACT AS PROVED.

THE COURT MAY TAKE JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS.

WHEN THE COURT DECLARES IT WILL TAKE JUDICIAL NOTICE OF SOME FACT OR EVENT, THE JURY MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE COURT'S DECLARATION AS EVIDENCE, AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED.

ANY EVIDENCE AS TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT, AND ANY EVIDENCE ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice And Instructions, § 71.08 (1987 and 1999 Supp.)

6

## REQUESTED JURY INSTRUCTION NO. 4

## <u>COURT'S COMMENTS NOT EVIDENCE</u>

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT TO THE JURY ON THE EVIDENCE IN THE CASE. SUCH COMMENTS ARE ONLY THE EXPRESSION OF THE JUDGE'S OPINIONS AS TO THE FACTS; YOU MAY DISREGARD THEM ENTIRELY, SINCE YOU AS JURORS ARE THE SOLE JUDGES OF THE FACTS.

---

Source:     1.     Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 71.11 (1987 and 1999 Supp.)

## REQUESTED JURY INSTRUCTION NO. 5

### <u>QUESTIONS NOT EVIDENCE</u>

IF A LAWYER ASKS A WITNESS A QUESTION WHICH CONTAINS AN

ASSERTION OF FACT, YOU MAY NOT CONSIDER THE ASSERTION AS EVIDENCE OF

THAT FACT. THE LAWYER'S STATEMENTS ARE NOT EVIDENCE.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions,</u> § 71.12 (1987 and 1999 Supp.)

8

## REQUESTED JURY INSTRUCTION NO. 6

## <u>PREPONDERANCE OF THE EVIDENCE</u>

THE BURDEN IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, THE JURY SHOULD FIND FOR THE DEFENDANTS AS TO THAT CLAIM.

TO "ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THE CSE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. THE RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, THE JURY MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

---

Source:        1.        Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 72.01 (1987 and 1999 Supp.)

## REQUESTED JURY INSTRUCTION NO. 7

## **"IF YOU FIND" OR "IF YOU DECIDE"**

WHEN I SAY IN THESE INSTRUCTIONS THAT A PARTY HAS THE BURDEN OF PROOF ON ANY PROPOSITION, OR USE THE EXPRESSION "IF YOU FIND", OR "IF YOU DECIDE", I MEAN YOU MUST BE PERSUADED, CONSIDERING ALL THE EVIDENCE IN THE CASE, THAT THE PROPOSITION IS MORE PROBABLY TRUE THAN NOT TRUE.

---

Source:       1.       Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 72.02 (1987 and 1999 Supp.)

10

## REQUESTED JURY INSTRUCTION NO. 8

## <u>EVIDENCE – DIRECT – INDIRECT OR CIRCUMSTANTIAL</u>

THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE FACTS OF THE CASE. ONE IS DIRECT EVIDENCE – SUCH A TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE – THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE EXISTENCE OR NON-EXISTENCE OF CERTAIN FACTS.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT OR CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT THE JURY FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 72.03 (1987 and 1999 Supp.)

11

**REQUESTED JURY INSTRUCTION NO. 9**

**<u>INFERENCES DEFINED – PRESUMPTION OF REGULARITY –
ORDINARY COURSE OF BUSINESS – OBEDIENCE TO LAW</u>**

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THIS CASE. BUT IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES. IN OTHER WORDS, YOU ARE NOT LIMITED TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY. YOU ARE PERMITTED TO DRAW, FROM FACTS WHICH HAVE BEEN PROVED, SUCH REASONABLE INFERENCES AS SEEM JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE. INFERENCES ARE DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM FACTS WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE IN THE CASE.

UNLESS AND UNTIL OUTWEIGHED BY EVIDENCE IN THE CASE TO THE CONTRARY, YOU MAY FIND THAT OFFICIAL DUTY HAS BEEN REGULARLY PERFORMED; THAT PRIVATE TRANSACTIONS HAVE BEEN FAIR AND REGULAR; THAT THE ORDINARY COURSE OF BUSINESS OR EMPLOYMENT HAS BEEN FOLLOWED; THAT THINGS HAVE HAPPENED ACCORDING TO THE ORDINARY COURSE OF NATURE AND THE ORDINARY HABITS OF LIFE; AND THAT THE LAW HAS BEEN OBEYED.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 72.04 (1987 and 1999 Supp.)

**REQUESTED JURY INSTRUCTION NO. 10**

**<u>GENERAL INSTRUCTION – CIRCUMSTANTIAL EVIDENCE</u>**

FACTS MUST BE PROVED BY EVIDENCE. EVIDENCE INCLUDES THE TESTIMONY OF A WITNESS CONCERNING WHATH THE WITNESS SAW, HEARD OR DID. EVIDENCE ALSO INCLUDES WRITINGS, PHOTOGRAPHS, OR OTHER PHYSICAL OBJECTS WHICH MAY BE CONSIDERED AS PROOF OF A FACT. EVIDENCE CAN BE EITHER DIRECT OR CIRCUMSTANTIAL. FACTS MAY BE PROVED EITHER BY DIRECT OR CIRCUMSTANTIAL. FACTS MAY BE PROVED EITHER BY DIRECT OR CIRCUMSTANTIAL EVIDENCE OR BY A COMBINATION OF BOTH. YOU MAY GIVE CIRCUMSTANTIAL EVIDENCE LESS WEIGHT, MORE WEIGHT, OR THE SAME WEIGHT AS DIRECT EVIDENCE.

DIRECT EVIDENCE IS EVIDENCE OF WHAT A WITNESS SAW, HEARD, OR DID WHICH, IF BELIEVED BY YOU, PROVES A FACT. FOR EXAMPLE, LET US SUPPOSE THAT A FACT IN DISPUTE IS WHETHER I KNOCKED OVER THIS WATER GLASS NEAR THE WITNESS CHAIR. IF SOMEONE TESTIFIES THAT HE SAW ME KNOCK OVER THE GLASS, THAT IS DIRECT EVIDENCE THAT I KNOCKED OVER THE GLASS.

CIRCUMSTANTIAL EVIDENCE IS EVIDENCE OF A FACT WHICH DOES NOT DIRECTLY PROVE A FACT IN DISPUTE BUT WHICH PERMITS A REASONABLE INFERENCE OR CONCLUSION THAT THE FACT EXISTS. FOR EXAMPLE, A WITNESS TESTIFIES THAT HE SAW THIS WATER GLASS ON THE BENCH. THE WITNESS STATES THAT, WHILE HE WAS LOOKING THE OTHER WAY, HE HEARD THE BREAKING OF GLASS, LOOKED UP, AND SAW ME WIPING WATER FROM MY CLOTHES AND FROM THE PAPERS ON THE BENCH. THIS TESTIMONY IS NOT DIRECT EVIDENCE THAT I

13

KNOCKED OVER THE GLASS; IT IS CIRCUMSTANTIAL EVIDENCE FROM WHICH YOU COULD REASONABLY INFER THAT I KNOCKED OVER THE GLASS.

THOSE FACTS WHICH FORM THE BASIS OF AN INFERENCE MUST BE PROVED AND THE INFERENCE TO BE DRAWN MUST BE ONE THAT MAY BE REASONABLY DRAWN. IN THE EXAMPLE, EVEN THOUGH THE WITNESS DID NOT SEE ME KNOCK OVER THE GLASS, IF YOU BELIEVE (HIS, HER) TESTIMONY, YOU COULD CONCLUDE THAT I DID. THEREFORE, THE CIRCUMSTANTIAL EVIDENCE, IF ACCEPTED BY YOU, ALLOWS YOU TO CONCLUDE THAT THE FACT IN DISPUTE HAS BEEN PROVED.

IN REACHING YOUR CONCLUSION YOU MAY NOT GUESS OR SPECULATE. SUPPOSE, FOR EXAMPLE, THE WITNESS TESTIFIES THAT THE WATER GLASS WAS LOCATED EQUALLY DISTANT FROM THE COURT CLERK AND ME. THE WITNESS STATES THAT HE HEARD THE BREAKING OF GLASS AND LOOKED UP TO SEE BOTH THE COURT CLERK AND ME BRUSHING WATER FROM OUR CLOTHES. IF YOU BELIEVE THAT TESTIMONY, YOU STILL COULD NOT DECIDE ON THAT EVIDENCE ALONE WHO KNOCKED OVER THE WATER GLASS. WHERE THESE ARE THE ONLY PROVED FACTS, IT WOULD BE ONLY A GUESS AS TO WHO DID IT. BUT, IF THE WITNESS ALSO TESTIFIES THAT HE HEARD THE COURT CLERK SAY "I AM SORRY," THIS ADDITIONAL EVIDENCE WOULD ALLOW YOU TO DECIDE WHO KNOCKED OVER THE WATER GLASS.

---

Source:    1.    NYS PJI 1:70 – GENERAL INSTRUCTION – CIRCUMSTANTIAL EVIDENCE

14

**REQUESTED JURY INSTRUCTION NO. 11**

**<u>ORAL ADMISSIONS – VIEWED WITH CAUTION</u>**

EVIDENCE AS TO ANY ORAL ADMISSIONS, CLAIMED TO HAVE BEEN MADE OUTSIDE OF COURT BY A PARTY TO ANY CASE, SHOULD ALWAYS BE CONSIDERED WITH CAUTION AND WEIGHED WITH GREAT CARE. THE PERSON MAKING THE ALLEGED ADMISSION MAY HAVE BEEN MISTAKEN, OR MAY NOT HAVE EXPRESSED CLEARLY THE MEANING INTENDED; OR THE WITNESS TESTIFYING TO AN ALLEGED ADMISSION MAY HAVE MISUNDERSTOOD, OR MAY HAVE MISQUOTED WHAT WAS ACTUALLY SAID. HOWEVER, WHEN AN ORAL ADMISSION MADE OUTSIDE OF COURT IS PROVED BY RELIABLE EVIDENCE, SUCH AN ADMISSION MAY BE TREATED AS TRUSTWORTHY, AND SHOULD BE CONSIDERED ALONG WITH ALL OTHER EVIDENCE IN THE CASE.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions,</u> § 72.12 (1987 and 1999 Supp.)

15

**REQUESTED JURY INSTRUCTION NO. 12**

**<u>NUMBER OF WITNESSES</u>**

YOU ARE NOT BOUND TO DECIDE ANY ISSUE OF FACT IN ACCORDANCE WITH THE TESTIMONY OF ANY NUMBER OF WITNESSES WHICH DOES NOT PRODUCE IN YOUR MINDS BELIEF IN THE LIKELIHOOD OF TRUTH, AS AGAINST THE TESTIMONY OF A LESSER NUMBER OF WITNESSES OR OTHER EVIDENCE WHICH DOES PRODUCE SUCH BELIEF IN YOUR MINDS. THE TEST IS NOT WHICH SIDE BRINGS THE GREATER NUMBER OF WITNESSES OR PRESENTS THE GREATER QUANTITY OF EVIDENCE; BUT WHICH WITNESS, AND WHICH EVIDENCE, APPEALS TO YOUR MINDS AS BEING MORE ACCURATE, AND OTHERWISE TRUSTWORTHY.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 72.13 (1987 and 1999 Supp.)

16

**REQUESTED JURY INSTRUCTION NO. 13**

**<u>SINGLE WITNESS</u>**

THE TESTIMONY OF A SINGLE WITNESS WHICH PRODUCED IN YOUR MINDS

BELIEF IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY FACT

AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH TESTIMONY, EVEN

THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF,

AFTER CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, YOU HOLD GREATER

BELIEF IN THE ACCURACY AND RELIABILITY OF THE ONE WITNESS.

---

Source:          1.          Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 72.14 (1987 and 1999 Supp.)

**REQUESTED JURY INSTRUCTION NO. 14**

**FAILURE TO CALL AVAILABLE WITNESS**

IF A PARTY FAILS TO CALL A PERSON WHO POSSESSES KNOWLEDGE ABOUT THE FACTS IN ISSUE, AND WHO IS REASONABLY AVAILABLE TO HIM, AND WHO IS NOT EQUALLY AVAILABLE TO THE OTHER PARTY, THEN YOU MAY INFER THAT THE TESTIMONY OF THAT WITNESS IS UNFAVORABLE TO THE PARTY WHO COULD HAVE CALLED HIM AND DID NOT.

---

Source:        1.        Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice And Instructions, § 71.15 (1987 and 1999 Supp.)

## REQUESTED JURY INSTRUCTION NO. 15

## **<u>FAILURE TO PRODUCE AVAILABLE EVIDENCE</u>**

IF A PARTY FAILS TO PRODUCE EVIDENCE WHICH IS UNDER HIS CONTROL AND REASONABLY AVAILABLE TO HIM AND NOT REASONABLY AVAILABLE TO THE ADVERSE PARTY, THEN YOU MAY INFER THAT THE EVIDENCE IS UNFAVORABLE TO THE PARTY WHO COULD HAVE PRODUCED IT AND DID NOT.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 72.16 (1987 and 1999 Supp.)

**REQUEST JURY INSTRUCTION NO. 16**

**<u>WITNESS CREDIBILITY</u>**

YOU HAVE HAD THE OPPORTUNITY TO OBSERVE ALL OF THE WITNESSES. IT IS NOW YOUR JOB TO DECIDE HOW BELIEVABLE EACH WITNESS WAS IN HIS OR HER TESTIMONY. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF EACH WITNESS AND OF THE IMPORTANCE OF HIS OR HER TESTIMONY.

IT MUST BE CLEAR TO YOU BY NOW THAT YOU ARE BEING CALLED ON TO RESOLVE VARIOUS FACTUAL ISSUES RAISED BY THE PARTIES IN THE FACE OF VERY DIFFERENT PICTURES PAINTED BY BOTH SIDES. IN MAKING THESE JUDGMENTS, YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY OF EACH WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS TESTIFIED, AND ANY OTHER MATTER IN EVIDENCE THAT MAY HELP YOU DECIDE THE TRUTH AND THE IMPORTANCE OF EACH WITNESS'S TESTIMONY.

HOW DO YOU DETERMINE WHERE THE TRUTH LIES? YOU WATCHED EACH WITNESS TESTIFY. EVERYTHING A WITNESS SAID OR DID ON THE WITNESS STAND COUNTS IN YOUR DETERMINATION. HOW DID THE WITNESS IMPRESS YOU? DID HE OR SHE APPEAR TO BE FRANK, FORTHRIGHT, AND CANDID, OR EVASIVE AND EDGY AS IF HIDING SOMETHING? HOW DID THE WITNESS APPEAR; WHAT WAS HIS OR HER DEMEANOR—THAT IS, HIS OR HER CARRIAGE, BEHAVIOR, BEARING, MANNER, AND APPEARANCE WHILE TESTIFYING? OFTEN IT IS NOT WHAT A PERSON SAYS BUT HOW HE OR SHE SAYS IT THAT MOVES US.

YOU SHOULD USE ALL THE TESTS FOR TRUTHFULNESS THAT YOU WOULD USE IN DETERMINING MATTERS OF IMPORTANCE TO YOU IN YOUR EVERYDAY LIFE. YOU SHOULD CONSIDER ANY BIAS OR HOSTILITY THE WITNESS MAY HAVE

20

SHOWN FOR OR AGAINST ANY PARTY AS WELL AS ANY INTEREST THE WITNESS HAS IN THE OUTCOME OF THE CASE. YOU SHOULD CONSIDER THE OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, AND KNOW THE THINGS ABOUT WHICH HE OR SHE TESTIFIED, THE ACCURACY OF THE WITNESS'S MEMORY, THE WITNESS'S CANDOR OR LACK OF CANDOR, THE WITNESS'S INTELLIGENCE, THE REASONABLENESS AND PROBABILITY OF THE WITNESS'S TESTIMONY AND ITS CONSISTENCY OR LACK OF CONSISTENCY AND ITS CORROBORATION OR LACK OF CORROBORATION WITH OTHER CREDIBLE TESTIMONY.

IN OTHER WORDS, WHAT YOU MUST TRY TO DO IN DECIDING CREDIBILITY IS TO SIZE A WITNESS UP IN LIGHT OF HIS OR HER DEMEANOR, THE EXPLANATIONS GIVEN, AND ALL OF THE OTHER EVIDENCE IN THE CASE. ALWAYS REMEMBER THAT YOU SHOULD USE YOUR COMMON SENSE, YOUR GOOD JUDGMENT, AND YOUR OWN LIFE EXPERIENCE.

---

Source:         1. 4 Modern Federal Jury Instructions-Civil P 76.01 (2026).

**REQUESTED JURY INSTRUCTION NO. 17**

**<u>CREDIBILITY OF WITNESSES –</u>**
**<u>DISCREPANCIES IN TESTIMONY</u>**

YOU, AS JURORS, AS THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES. YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, OR BY THE MANNER IN WHICH THE WITNESS TESTIFIES, OR BY THE CHARACTER OF THE TESTIMONY GIVEN, OR BY EVIDENCE TO THE CONTRARY OF THE TESTIMONY GIVEN.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF. CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE AND STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND. CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE HAS TESTIFIED, AND WHETHER HE IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE THE JURY TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AND

22

INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES. YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

---

Source:   1.   Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice And Instructions</u>, § 73.01 (1987 and 1999 Supp.)

## REQUESTED JURY INSTRUCTION NO. 18

### **FALSUS IN UNO**

IF YOU FIND THAT ANY WITNESS HAS WILLFULLY TESTIFIED FALSELY AS TO ANY MATERIAL FACT, THAT IS AS TO AN IMPORTANT MATTER, THE LAW PERMITS YOU TO DISREGARD COMPLETELY THE ENTIRE TESTIMONY OF THAT WITNESS UPON THE PRINCIPLE THAT ONE WHO TESTIFIES FALSELY ABOUT ONE MATERIAL FACT IS LIKELY TO TESTIFY FALSELY ABOUT EVERYTHING. YOU ARE NOT REQUIRED, HOWEVER, TO CONSIDER SUCH A WITNESS AS TOTALLY "UNBELIEVABLE." YOU MAY ACCEPT SO MUCH OF HIS OR HER TESTIMONY AS YOU DEEM TRUE AND DISREGARD WHAT YOU FEEL IS FALSE. BY THE PROCESSES WHICH I HAVE JUST DESCRIBED TO YOU, YOU, AS THE SOLE JUDGES OF THE FACTS, DECIDE WHICH OF THE WITNESSES YOU WILL BELIEVE, WHAT PORTION OF THEIR TESTIMONY YOU ACCEPT AND WHAT WEIGHT YOU WILL GIVE TO IT.

---

Source:      1.      NYS PJI 1:22, FALSUS IN UNO

24

**REQUESTED JURY INSTRUCTION NO. 19**

INTENTIONALLY OMITTED.

## REQUESTED JURY INSTRUCTION NO. 20

### EFFECT OF PRIOR INCONSISTENT STATEMENTS
### OR CONDUCT – BY A WITNESS NOT A PARTY – BY A PARTY

EVIDENCE THAT AT SOME OTHER TIME A WITNESS, NOT A PARTY TO THIS ACTION, HAS SAID OR DONE SOMETHING WHICH IS INCONSISTENT WITH THE WITNESS'S TESTIMONY AT THE TRIAL, MAY BE CONSIDERED FOR THE SOLE PURPOSE OF JUDGMENT OF THE CREDIBILITY OF THE WITNESS BUT MAY NEVER BE CONSIDERED AS EVIDENCE OF PROOF OF THE TRUTH OF ANY SUCH STATEMENT.

WHERE, HOWEVER, THE WITNESS IS A PARTY TO THE CASE, AND BY SUCH STATEMENT, OR OTHER CONDUCT, ADMITS SOME FACT OR FACTS AGAINST HIS INTEREST, THEN SUCH STATEMENT OR OTHER CONDUCT, IF KNOWINGLY MADE OR DONE, MAY BE CONSIDERED AS EVIDENCE OF THE TRUTH OF THE FACT OR FACTS SO ADMITTED BY SUCH PARTY, AS WELL AS FOR THE PURPOSE OF JUDGING THE CREDIBILITY OF THE PARTY AS A WITNESS.

AN ACT OR OMISSION IS "KNOWINGLY" DONE, IF DONE VOLUNTARILY AND INTENTIONALLY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

---

Source:    1.    Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice And Instructions, § 73.09 (1987 and 1999 Supp.)

26

**REQUESTED JURY INSTRUCTION NO. 21**

**ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN THE CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTERS IN ISSUE AT THIS TRIAL. NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND THINGS MENTIONED IN THE EVIDENCE IN THE CASE.

---

Source:        1.        Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice And Instructions, § 73.11 (1987 and 1999 Supp.)

**REQUESTED JURY INSTRUCTION NO. 22**

**GENERAL INSTRUCTION – INTERESTED WITNESS – GENERALLY**

THE PLAINTIFF AND THE DEFENDANT BOTH TESTIFIED BEFORE YOU. AS PARTIES TO THE ACTION, BOTH ARE INTERESTED WITNESSES.

AN INTERESTED WITNESS IS NOT NECESSARILY LESS BELIEVABLE THAN A DISINTERESTED WITNESS. THE FACT THAT HE OR SHE IS INTERESTED IN THE OUTCOME OF THE CASE DOES NOT MEAN THAT HE OR SHE HAS NOT TOLD THE TRUTH. IT IS FOR YOU TO DECIDE FROM THE DEMEANOR OF THE WITNESS ON THE STAND AND SUCH OTHER TESTS AS YOUR EXPERIENCE DICTATES WHETHER OR NOT THE TESTIMONY HAS BEEN INFLUENCED, INTENTIONALLY OR UNINTENTIONALLY, BY HIS OR HER INTEREST. YOU MAY, IF YOU CONSIDER IT PROPER UNDER ALL OF THE CIRCUMSTANCES, NOT BELIEVE THE TESTIMONY OF SUCH A WITNESS, EVEN THOUGH IT IS NOT OTHERWISE CHALLENGED OR CONTRADICTED. HOWEVER, YOU ARE NOT REQUIRED TO REJECT THE TESTIMONY OF SUCH A WITNESS, AND MAY ACCEPT ALL OR SUCH PART OF HIS OR HER TESTIMONY AS YOU FIND RELIABLE AND REJECT SUCH PART AS YOU FIND UNWORTHY OF ACCEPTANCE.

---

Source:    1.    NYS PJI 1:91.  GENERAL INSTRUCTION – INTERESTED WITNESS - GENERALLY

## REQUESTED JURY INSTRUCTION NO. 23

## **GENERAL INSTRUCTION – EXPERT WITNESS**

YOU WILL RECALL THAT DR. REGINE BRUNY-OLAWAIYE TESTIFIED CONCERNING THEIR QUALIFICATIONS IN THE FIELD OF PSYCHIATRY AND GAVE THEIR OPINIONS CONCERNING ISSUES IN THIS CASE. WHEN A CASE INVOLVES A MATTER OF SCIENCE OR ART OR REQUIRES SPECIAL KNOWLEDGE OR SKILL THAT MOST PEOPLE DO NOT HAVE, A QUALIFIED WITNESS IS PERMITTED TO STATE THEIR OPINION FOR THE INFORMATION OF THE COURT AND JURY. THE OPINIONS STATED BY DR. BRUNY-OLAWAIYE WERE BASED ON PARTICULAR FACTS, AS THEY OBTAINED KNOWLEDGE OF THEM AND TESTIFIED ABOUT THEM OR AS THE ATTORNEYS WHO QUESTIONED THEM ASKED THEM TO ASSUME. YOU MAY REJECT ANY OPINION IF YOU FIND THE FACTS TO BE DIFFERENT FROM THE FACTS THAT FORMED THE BASIS FOR THE OPINION. YOU MAY ALSO REJECT AN OPINION IF, AFTER CAREFUL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, INCLUDING THE CROSS-EXAMINATION OF DR. BRUNY-OLAWAIYE, YOU DECIDE THAT AN OPINION IS NOT CONVINCING. IN OTHER WORDS, YOU ARE NOT REQUIRED TO ACCEPT ANY OPINION TO THE EXCLUSION OF THE FACTS AND CIRCUMSTANCES DISCLOSED BY OTHER EVIDENCE. OPINION TESTIMONY SHOULD BE EVALUATED IN THE SAME WAY AS THE TESTIMONY OF ANY OTHER WITNESS. IT IS GIVEN TO ASSIST YOU IN REACHING A PROPER CONCLUSION; IT IS ENTITLED TO SUCH WEIGHT AS YOU FIND THE WITNESS'S QUALIFICATIONS IN THE FIELD WARRANT AND MUST BE CONSIDERED BY YOU BUT IS NOT CONTROLLING UPON YOUR JUDGMENT.

29

Source:        1.        NYS PJI 1:90.  GENERAL INSTRUCTION – EXPERT WITNESS

## REQUESTED JURY INSTRUCTION NO. 24

## <u>GENERAL INSTRUCTION – CONSIDER ONLY COMPETENT EVIDENCE</u>

AT TIMES DURING THE TRIAL, I HAVE SUSTAINED OBJECTIONS TO QUESTIONS ASKED WITHOUT ALLOWING THE WITNESS TO ANSWER OR WHERE AN ANSWER WAS MADE, INSTRUCTED THAT IT BE STRICKEN FROM THE RECORD AND THAT YOU DISREGARD IT AND DISMISS IT FROM YOUR MINDS. YOU MAY NOT DRAW ANY INFERENCE OR CONCLUSIONS FROM AN UNANSWERED QUESTION NOR MAY YOU CONSIDER TESTIMONY WHICH HAS BEEN STRICKEN FROM THE RECORD IN REACHING YOUR DECISION. THE LAW REQUIRES THAT YOUR DECISION BE MADE SOLELY UPON THE EVIDENCE BEFORE YOU. SUCH ITEMS AS I HAVE EXCLUDED FROM YOUR CONSIDERATION WERE EXCLUDED BECAUSE THEY WERE NOT LEGALLY ADMISSIBLE.

---

Source:  1.  NYS PJI 1:40.  CONSIDER ONLY COMPETENT EVIDENCE

## REQUESTED JURY INSTRUCTION NO. 25

### <u>WEIGHING TESTIMONY</u>

THE TESTIMONY OF A WITNESS MAY NOT CONFORM TO THE FACTS AS THEY OCCURRED BECAUSE HE OR SHE IS INTENTIONALLY LYING, BECAUSE THE WITNESS DID NOT ACCURATELY SEE OR HEAR WHAT HE OR SHE IS TESTIFYING ABOUT, BECAUSE THE WITNESS' RECOLLECTION IS FAULTY, OR BECAUSE THE WITNESS HAS NOT EXPRESSED HIMSELF OR HERSELF CLEARLY IN TESTIFYING.

---

Source:1.      NYS PJI 1:41.  WEIGHING TESTIMONY

32

## REQUESTED JURY INSTRUCTION NO. 26

### <u>BURDEN OF PROOF – GENERAL INSTRUCTION</u>

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFF HAS THE BURDEN OF PROVING THE MATERIAL ALLEGATIONS OF HIS COMPLAINT (E.G., BY A PREPONDERANCE OF THE EVIDENCE).

IF AFTER CONSIDERING ALL OF THE TESTIMONY YOU ARE SATISFIED THAT THE PLAINTIFF HAS CARRIED HIS BURDEN ON EACH ESSENTIAL POINT AS TO WHICH HE HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFF ON HIS CLAIMS. IF AFTER SUCH CONSIDERATION YOU FIND THE TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN THE PLAINTIFF HAS FAILED TO SUSTAIN HIS BURDEN AND YOU MUST FIND FOR THE DEFENDANT.

IF YOU DETERMINE THAT THE DEFENDANT HAS SUSTAINED ITS BURDEN OF ESTABLISHING THE AFFIRMATIVE DEFENSE, THEN YOU SHOULD PROCEED NO FURTHER AND YOUR VERDICT MUST BE FOR THE DEFENDANT. IF, HOWEVER, YOU FIND THAT THE PLAINTIFF HAS ESTABLISHED THE ESSENTIAL ELEMENTS OF HIS CASE AND THAT THE DEFENDANT HAS NOT SUSTAINED HIS BURDEN OF THE AFFIRMATIVE DEFENSE, THEN YOU SHOULD PROCEED TO CONSIDER THE ISSUE OF DAMAGES.

---

Source:        1.        <u>4 Modern Federal Jury Instructions-Civil P 73.01</u> (2026)

**REQUESTED JURY INSTRUCTION NO. 27**

**COMMON LAW STANDARD OF CARE – NEGLIGENCE DEFINED – GENERALLY**

NEGLIGENCE IS LACK OF ORDINARY CARE. IT IS A FAILURE TO USE THAT DEGREE OF CARE THAT A REASONABLY PRUDENT PERSON WOULD HAVE USED UNDER THE SAME CIRCUMSTANCES. NEGLIGENCE MAY ARISE FROM DOING AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT HAVE DONE UNDER THE SAME CIRCUMSTANCES, OR, ON THE OTHER HAND, FROM FAILING TO DO AN ACT THAT A REASONABLY PRUDENT PERSON WOULD HAVE DONE UNDER THE SAME CIRCUMSTANCES.

---

Source:    1.    NYS PJI 2:10. COMMON LAW STANDARD OF CARE – NEGLIGENCE DEFINED – GENERALLY

# REQUESTED JURY INSTRUCTION NO. 28

## <u>COMMON LAW STANDARD OF CARE – FORESEEABILITY – GENERALLY</u>

NEGLIGENCE REQUIRES BOTH A REASONABLY FORESEEABLE DANGER OF INJURY TO ANOTHER AND CONDUCT THAT IS UNREASONABLE IN PROPORTION TO THAT DANGER. A PERSON IS ONLY RESPONSIBLE FOR THE RESULTS OF HIS OR HER CONDUCT IF THE RISK OF INJURY IS REASONABLY FORESEEABLE. THE EXACT OCCURRENCE OR EXACT INJURY DOES NOT HAVE TO BE FORESEEABLE; BUT INJURY AS A RESULT OF NEGLIGENT CONDUCT MUST BE NOT MERELY POSSIBLE, BUT PROBABLE. THERE IS NEGLIGENCE IF A REASONABLY PRUDENT PERSON COULD FORESEE INJURY AS A RESULT OF HIS OR HER CONDUCT AND ACTED UNREASONABLY IN THE LIGHT OF WHAT COULD BE FORESEEN. ON THE OTHER HAND, THERE IS NO NEGLIGENCE IF A REASONABLY PRUDENT PERSON COULD NOT HAVE FORESEEN ANY INJURY AS A RESULT OF HIS OR HER CONDUCT OR ACTED REASONABLY IN THE LIGHT OF WHAT COULD HAVE BEEN FORESEEN.

---

Source:    1.    NYS PJI 2:12. COMMON LAW STANDARD OF CARE– FORESEEABILITY – GENERALLY

## REQUESTED JURY INSTRUCTION NO. 29

## <u>PROXIMATE CAUSE – IN GENERAL</u>

AN ACT OR OMISSION IS REGARDED AS A CAUSE OF AN INJURY, OCCURRENCE OR ACCIDENT IF IT WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE INJURY, ACCIDENT OR OCCURRENCE. THAT IS, IF IT HAD SUCH AN EFFECT IN PRODUCING THE ACCIDENT, OCCURRENCE OR INJURY THAT REASONABLE PEOPLE WOULD REGARD IT AS A CAUSE OF THE INJURY, ACCIDENT OR OCCURRENCE. THERE MAY BE MORE THAN ONE CAUSE OF AN ACCIDENT, OCCURRENCE OR INJURY, BUT TO BE SUBSTANTIAL, IT CANNOT BE SLIGHT OR TRIVIAL. YOU MAY, HOWEVER, DECIDE THAT A CAUSE IS SUBSTANTIAL EVEN IF YOU ASSIGN A RELATIVELY SMALL PERCENTAGE TO IT.

---

Source:    1.    NYS PJI 2:70.  PROXIMATE CAUSE – IN GENERAL

36

**REQUESTED JURY INSTRUCTION NO. 30**

**<u>COMPARATIVE FAULT</u>**

IF YOU FIND THAT THE DEFENDANT WAS NEGLIGENT AND THAT THE DEFENDANT'S NEGLIGENCE CONTRIBUTED TO CAUSING THE ACCIDENT AND/OR INJURY, YOU MUST NEXT CONSIDER WHETHER THE PLAINTIFF WAS ALSO NEGLIGENT AND WHETHER THE PLAINTIFF'S CONDUCT CONTRIBUTED TO CAUSING THE ACCIDENT AND/OR INJURY. THE BURDEN IS ON THE DEFENDANT TO PROVE THAT THE PLAINTIFF WAS NEGLIGENT AND THAT HER NEGLIGENCE CONTRIBUTED TO CAUSING THE ACCIDENT AND/OR INJURY. IF YOU FIND THAT THE PLAINTIFF WAS NOT NEGLIGENT, OR IF NEGLIGENT, THAT HER NEGLIGENCE DID NOT CONTRIBUTE TO CAUSING THE ACCIDENT AND/OR INJURY, YOU MUST FIND THAT PLAINTIFF WAS NOT AT FAULT AND YOU MUST GO ON TO CONSIDER DAMAGES, IF ANY, SUBMITTED BY PLAINTIFF.

IF, HOWEVER, YOU FIND THAT THE PLAINTIFF WAS NEGLIGENT AND THAT HER NEGLIGENCE CONTRIBUTED TO CAUSING THE ACCIDENT AND/OR INJURY, YOU MUST THEN APPORTION THE FAULT BETWEEN THE PLAINTIFF AND THE DEFENDANT.

WEIGHING ALL THE FACTS AND CIRCUMSTANCES, YOU MUST CONSIDER THE TOTAL FAULT, THAT IS, THE FAULT OF BOTH THE PLAINTIFF AND THE DEFENDANT AND DETERMINE WHAT PERCENTAGE OF FAULT IS CHARGEABLE TO EACH. IN YOUR VERDICT, YOU WILL STATE THE PERCENTAGES YOU FIND. THE TOTAL OF THOSE PERCENTAGES MUST EQUAL ONE HUNDRED PERCENT.

Source:     1.     NYS PJI 2:36.  COMPARATIVE FAULT

## REQUESTED JURY INSTRUCTION NO. 31

### GENERAL INSTRUCTIONS – BURDEN OF PROOF –
### WHEN BURDEN DIFFERS ON DIFFERENT ISSUES

TO SAY THAT A PARTY HAS THE BURDEN OF PROOF ON A PARTICULAR ISSUE MEANS THAT, CONSIDERING ALL THE EVIDENCE IN THE CASE, THE PARTY'S CLAIM ON THAT ISSUE MUST BE ESTABLISHED BY A FAIR PREPONDERANCE OF THE CREDIBLE EVIDENCE. THE CREDIBLE EVIDENCE MEANS THE TESTIMONY OR EXHIBITS THAT YOU FIND WORTHY OF BELIEF. A PREPONDERANCE MEANS THE GREATER PART OF THE EVIDENCE. THAT DOES NOT MEAN THE GREATER NUMBER OF WITNESSES OR THE GREATER LENGTH OF TIME TAKEN BY EITHER SIDE. THE PHRASE PREPONDERANCE OF THE EVIDENCE REFERS TO THE QUALITY OF THE EVIDENCE, ITS WEIGHT, AND THE EFFECT THAT IT HAS ON YOUR MINDS. IN ORDER FOR A PARTY TO PREVAIL ON AN ISSUE ON WHICH HE OR SHE HAS THE BURDEN OF PROOF, THE EVIDENCE THAT SUPPORTS HIS OR HER CLAIM ON THAT ISSUE MUST APPEAL TO YOU AS MORE NEARLY REPRESENTING WHAT HAPPENED THAN THE EVIDENCE OPPOSED TO IT. IF IT DOES NOT OR IF IT WEIGHS SO EVENLY THAT YOU ARE UNABLE TO SAY THAT THERE IS A PREPONDERANCE ON EITHER SIDE, YOU MUST DECIDE THE QUESTION AGAINST THE PARTY WHO HAS THE BURDEN OF PROOF AND IN FAVOR OF THE OPPOSING PARTY.

IN THIS CASE THE PLAINTIFF CLAIMS THAT THE DEFENDANT CAUSED HER ACCIDENT. THE DEFENDANT CLAIMS THAT HE DID NOT CAUSE THE ACCIDENT, BUT THAT THE PLAINTIFF DID, AND THE DEFENDANT SAYS THAT EVEN IF HE DID, THE PLAINTIFF ALSO CAUSED THE ACCIDENT. THE PLAINTIFF HAS THE BURDEN OF PROVING THAT THE DEFENDANT WAS NEGLIGENT AND THAT DEFENDANT'S

39

NEGLIGENCE WAS A SUBSTANTIAL FACTOR IN CAUSING THE ACCIDENT. THE DEFENDANT HAS THE BURDEN OF PROVING THAT THE PLAINTIFF WAS NEGLIGENT AND THAT THE PLAINTIFF'S NEGLIGENCE WAS A SUBSTANTIAL FACTOR IN CAUSING THE ACCIDENT.

---

Source:      1.      NYS PJI 1:60.  GENERAL INSTRUCTION – BURDEN OF PROOF –
                     WHEN BURDEN DIFFERS ON DIFFERENT ISSUES

## REQUESTED JURY INSTRUCTION NO. 32

### **DAMAGES - GENERAL**

MY CHARGE TO YOU ON THE LAW OF DAMAGES MUST NOT BE TAKEN AS A SUGGESTION THAT YOU SHOULD FIND FOR THE PLAINTIFF. IT IS FOR YOU TO DECIDE ON THE EVIDENCE PRESENTED AND THE RULES OF LAW I HAVE GIVEN YOU WHETHER THE PLAINTIFF IS ENTITLED TO RECOVER FROM THE DEFENDANT. IF YOU DECIDE THAT THE PLAINTIFF IS NOT ENTITLED TO RECOVER FROM THE DEFENDANT, YOU NEED NOT CONSIDER DAMAGES. ONLY IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO RECOVER WILL YOU CONSIDER THE MEASURE OF DAMAGES. IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO RECOVER FROM THE DEFENDANT, YOU MUST RENDER A VERDICT IN A SUM OF MONEY THAT WILL JUSTLY AND FAIRLY COMPENSATE THE PLAINTIFF FOR ALL LOSSES RESULTING FROM THE INJURIES AND DISABILITIES SHE SUSTAINED.

---

Source:        1.        NYS PJI 2:277.  DAMAGES – GENERAL

41

# REQUESTED JURY INSTRUCTION NO. 33

INTENTIONALLY OMITTED.

**REQUESTED JURY INSTRUCTION NO. 34**

**<u>DAMAGES-PERSONAL INJURY-INJURY AND PAIN AND SUFFERING</u>**

IF YOUR VERDICT IS IN FAVOR OF PLAINTIFF, PLAINTIFF WILL NOT BE REQUIRED TO PAY INCOME TAXES ON THE AWARD AND YOU MUST NOT ADD TO OR SUBTRACT FROM THE AWARD ANY AMOUNT ON ACCOUNT OF INCOME TAXES

Source:      1.      <u>NY PJI 2:280.2</u>

43

## REQUESTED JURY INSTRUCTION NO. 35

## **<u>RETURN TO COURTROOM</u>**

IF, IN THE COURSE OF YOUR DELIBERATIONS, YOUR RECOLLECTION OF ANY PART OF THE TESTIMONY SHOULD FAIL, OR YOU HAVE ANY QUESTION ABOUT MY INSTRUCTIONS TO YOU ON THE LAW, YOU HAVE THE RIGHT TO RETURN TO THE COURTROOM FOR THE PURPOSE OF HAVING SUCH TESTIMONY READ TO YOU OR HAVE SUCH QUESTION ANSWERED.

---

Source:      1.      NYS PJI 1:24.  RETURN TO COURTROOM

**REQUESTED JURY INSTRUCTION NO. 36**

**CONSIDER ONLY TESTIMONY AND EXHIBITS**

DO NOT USE ANY INTERNET SERVICES, SOCIAL MEDIA OR TEXTING SERVICES, SUCH AS GOOGLE, FACEBOOK, AND TWITTER, TO INDIVIDUALLY OR COLLECTIVELY GIVE OR GET ANY INFORMATION ABOUT THE CASE OR TO RESEARCH TOPICS CONCERNING THE TRIAL. IT IS IMPORTANT THAT ELECTRONIC DEVICES INCLUDING ANY CELL PHONES, SMARTPHONES, LAPTOPS OR ANY OTHER PERSONAL ELECTRONIC DEVICES BE TURNED OFF WHILE YOU ARE DELIBERATING. ALLOWING OUTSIDE INFORMATION, WHICH MAY BE INACCURATE, TO AFFECT YOUR JUDGMENT IS UNFAIR AND PREJUDICIAL TO THE PARTIES AND COULD LEAD TO THIS CASE HAVING TO BE RETRIED.

---

Source:        1.      NYS PJI 1:25.  CONSIDER ONLY TESTIMONY AND EXHIBITS

**REQUESTED JURY INSTRUCTION NO. 37**

**JUROR'S USE OF PROFESSIONAL EXPERTISE**

ALTHOUGH AS JURORS YOU ARE ENCOURAGED TO USE ALL OF YOUR LIFE EXPERIENCES IN ANALYZING TESTIMONY AND REACHING A FAIR VERDICT, YOU MAY NOT COMMUNICATE ANY PERSONAL PROFESSIONAL EXPERTISE YOU MIGHT HAVE OR OTHER FACTS NOT IN EVIDENCE TO THE OTHER JURORS DURING DELIBERATIONS. YOU MUST BASE YOUR DISCUSSIONS AND DECISIONS SOLELY ON THE EVIDENCE PRESENTED TO YOU DURING THE TRIAL AND THAT EVIDENCE ALONE. YOU MAY NOT CONSIDER OR SPECULATE ON MATTERS NOT IN EVIDENCE OR MATTERS OUTSIDE THE CASE.

---

Source:        1.        NYS PJI 1:25A.  JUROR'S USE OF PROFESSIONAL EXPERTISE

## REQUESTED JURY INSTRUCTION NO. 38

## <u>EXCLUDE SYMPATHY</u>

IN REACHING YOUR VERDICT YOU ARE NOT TO BE AFFECTED BY SYMPATHY FOR ANY OF THE PARTIES, WHAT THE REACTION OF THE PARTIES OR OF THE PUBLIC TO YOUR VERDICT MAY BE, WHETHER IT WILL PLEASE OR DISPLEASE ANYONE, BE POPULAR OR UNPOPULAR OR, INDEED, ANY CONSIDERATION OUTSIDE THE CASE AS IT HAS BEEN PRESENTED TO YOU IN THIS COURTROOM. YOU SHOULD CONSIDER ONLY THE EVIDENCE--BOTH THE TESTIMONY AND THE EXHIBITS--FIND THE FACTS FROM WHAT YOU CONSIDER TO BE THE BELIEVABLE EVIDENCE AND APPLY THE LAW AS I NOW GIVE IT TO YOU. YOUR VERDICT WILL BE DETERMINED BY THE CONCLUSION YOU REACH, NO MATTER WHOM THE VERDICT HELPS OR HURTS.

---

Source:        1.      NYS PJI 1:27.  EXCLUDE SYMPATHY

**REQUESTED JURY INSTRUCTION NO. 39**

**NO-FAULT LAW--SERIOUS INJURY--SIGNIFICANT LIMITATION OF
USE OF BODY FUNCTION OR SYSTEM**

YOU MUST ANSWER THE FOLLOWING QUESTION: DID PLAINTIFF SUSTAIN A

SIGNIFICANT LIMITATION OF USE OF A BODY FUNCTION OR SYSTEM AS A RESULT

OF THE ACCIDENT ON NOVEMBER 25, 2022?

A LIMITATION OF USE OF A BODY FUNCTION OR SYSTEM MEANS THAT THE

FUNCTION OR SYSTEM DOES NOT OPERATE AT ALL OR OPERATES ONLY IN SOME

LIMITED WAY. IT IS NOT NECESSARY FOR YOU TO FIND THAT THERE HAS BEEN A

TOTAL LOSS OF THE BODY FUNCTION OR SYSTEM OR THAT THE LIMITATION OF

USE IS PERMANENT. HOWEVER, THE LIMITATION OF USE MUST BE SIGNIFICANT,

MEANING THAT THE LOSS IS IMPORTANT OR MEANINGFUL. A MINOR, MILD OR

SLIGHT LIMITATION OF USE IS NOT SIGNIFICANT.

IF YOU FIND THAT PLAINTIFF SUSTAINED A LIMITATION OF USE AS A RESULT

OF THE ACCIDENT ON NOVEMBER 25, 2022 AND THAT THE LIMITATION IS

SIGNIFICANT, YOU MUST ANSWER THE QUESTION "YES." IF YOU FIND THAT

PLAINTIFF DID NOT SUSTAIN A LIMITATION OF USE AS A RESULT OF THE ACCIDENT

ON NOVEMBER 25, 2022, OR THAT THE LIMITATION IS NOT SIGNIFICANT, YOU MUST

ANSWER THE QUESTION "NO."

_____

Source:        1.      NY PJI 2:88F

48

**REQUESTED JURY INSTRUCTION NO. 40**

**<u>NO-FAULT LAW--SERIOUS INJURY--NON-PERMANENT MEDICALLY DETERMINED INJURY THAT PREVENTS PERFORMANCE OF USUAL AND CUSTOMARY DAILY ACTIVITIES FOR 90 OF 180 DAYS IMMEDIATELY SUBSEQUENT TO INJURY</u>**

YOU MUST ANSWER THE FOLLOWING QUESTION: DID PLAINTIFF SUSTAIN A MEDICALLY DETERMINED INJURY OR IMPAIRMENT OF A NON-PERMANENT NATURE WHICH PREVENTS THE INJURED PERSON FROM PERFORMING SUBSTANTIALLY ALL OF THE MATERIAL ACTS WHICH CONSTITUTE SUCH PERSON'S USUAL AND CUSTOMARY DAILY ACTIVITIES FOR NOT LESS THAN NINETY DAYS DURING THE ONE HUNDRED EIGHTY DAYS IMMEDIATELY FOLLOWING THE OCCURRENCE OF THE INJURY OR IMPAIRTMENT AS A RESULT OF THE ACCIDENT ON NOVEMBER 25, 2022? A MEDICALLY DETERMINED INJURY IS ONE THAT IS SUPPORTED BY TESTIMONY BY A MEDICAL PROFESSIONAL.

IF YOU FIND THAT PLAINTIFF SUSTAINED SUCH A MEDICALLY DETERMINED INJURY OR IMPAIRMENT OF A NON-PERMANENT NATURE AS JUST STATED, AS A RESULT OF THE ACCIDENT ON NOVEMBER 25, 2022, YOU MUST ANSWER THE QUESTION "YES." IF YOU FIND THAT PLAINITFF DID NOT SUSTAIN SUCH A MEDICALLY DETERMINED INJURY OR IMPAIRMENT OF A NON-PERMANENT NATURE AS JUST STATED, YOU MUST ANSWER THE QUESTION "NO."

_____

Source:         1.         <u>NY PJI 2:88G</u>

**REQUESTED JURY INSTRUCTION NO. 41**

**<u>CONCLUSION</u>**

I HAVE NOW OUTLINED FOR YOU THE RULES OF LAW THAT APPLY TO THIS CASE AND THE PROCESSES BY WHICH YOU WEIGH THE EVIDENCE AND DECIDE THE FACTS. IN A FEW MINUTES YOU WILL RETIRE TO THE JURY ROOM FOR YOUR DELIBERATIONS. TRADITIONALLY, JUROR NO. 1 ACTS AS FOREPERSON. YOUR FIRST ORDER OF BUSINESS WHEN YOU ARE IN THE JURY ROOM WILL BE THE ELECTION OF A FOREPERSON. IN ORDER THAT YOUR DELIBERATIONS MAY PROCEED IN AN ORDERLY FASHION, YOU MUST HAVE A FOREPERSON, BUT OF COURSE, HIS OR HER VOTE IS ENTITLED TO NO GREATER WEIGHT THAN THAT OF ANY OTHER JUROR. YOUR FUNCTION--TO REACH A FAIR DECISION FROM THE LAW AND THE EVIDENCE--IS AN IMPORTANT ONE. WHEN YOU ARE IN THE JURY ROOM, LISTEN TO EACH OTHER, AND DISCUSS THE EVIDENCE AND ISSUES IN THE CASE AMONG YOURSELVES. IT IS THE DUTY OF EACH OF YOU, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE WITH A VIEW OF REACHING AGREEMENT ON A VERDICT, IF YOU CAN DO SO WITHOUT VIOLATING YOUR INDIVIDUAL JUDGMENT AND YOUR CONSCIENCE. WHILE YOU SHOULD NOT SURRENDER CONSCIENTIOUS CONVICTIONS OF WHAT THE TRUTH IS AND OF THE WEIGHT AND EFFECT OF THE EVIDENCE AND WHILE EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF AND NOT MERELY CONSENT TO THE DECISION OF YOUR FELLOW JURORS, YOU SHOULD EXAMINE THE ISSUES AND THE EVIDENCE BEFORE YOU WITH CANDOR AND FRANKNESS, AND WITH PROPER RESPECT AND REGARD FOR THE OPINIONS OF EACH OTHER. REMEMBER IN YOUR DELIBERATIONS THAT

THE DISPUTE BETWEEN THE PARTIES IS, FOR THEM, A VERY IMPORTANT MATTER. THEY AND THE COURT RELY UPON YOU TO GIVE FULL AND CONSCIENTIOUS DELIBERATION AND CONSIDERATION TO THE ISSUES AND EVIDENCE BEFORE YOU. BY SO DOING, YOU CARRY OUT TO THE FULLEST YOUR OATHS AS JURORS TO TRULY TRY THE ISSUES OF THIS CASE AND RENDER A TRUE VERDICT.

---

Source:          1.      NYS PJI 1:28.  CONCLUSION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KARIM H. KAMAL,                                Civil Index No.: 23-cv-5498

                             Plaintiff,        **VERDICT SHEET**
            -against-

RAGHBIR SINGH, UBER TECHNOLOGIES,
INC. and AMERICAN TRANSIT INSURANCE
COMPANY,

                             Defendants.
-----------------------------------------------------------X


      Plaintiff KARIM H. KAMAL and Defendants RAGHBIR SINGH and AMERICAN TRANSIT INSURANCE COMPANY, hereby request the following verdict sheet be submitted to the jury impaneled in the above captioned trial:


1.      Was the defendant RAGHBIR SINGH negligent?

      The answer to this question must be unanimous.

      Yes_____ No_____

      If your answer to Question "1" is "No," go no further and advise the Court that you have a verdict and return to the courtroom.  If your answer to Question "1" is "Yes" proceed to Question "2".


2.      Was the negligence of the defendant RAGHBIR SINGH a substantial factor in causing the accident of November 25, 2022?

      The answer to this question must be unanimous.

      Yes_____ No_____

      If your answer to Question "2" is "No," go no further and advise the Court that you have a verdict and return to the courtroom.  If your answer to Question "2" is "Yes" proceed to Question "3".

3.      Was the plaintiff KARIM H. KAMAL negligent?

The answer to this question must be unanimous.

Yes_____ No_____

If your answer to Question "3" is "No," proceed to Question "6". If your answer to Question "3" is "Yes" proceed to Question "4".

4.      Was the negligence of KARIM H. KAMAL a substantial factor in causing the accident of November 25, 2022?

The answer to this question must be unanimous.

Yes_____ No_____

If your answer to Question Question "4" is "No," proceed to Question "6". If your answer to Question "4" is "Yes," proceed to Question "5".

5.      What was the percentage of fault of:

KARIM H. KAMAL                                           ____%
RAGHBIR SINGH                                            ____%
The total must equal 100%.                              100%

The answer to this question must be unanimous.

Proceed to question "6".

6.      Did the plaintiff KARIM H. KAMAL sustain a significant limitation of use of a body function or system as a result of the accident of November 25, 2022?

The answer to this question must be unanimous.

Yes_____ No_____

7.      Did the plaintiff KARIM H. KAMAL sustain a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment, as a result of the accident of November 25, 2022?

The answer to this question must be unanimous.

Yes_____ No_____

If your answer to Questions "6" and "7" is "No," do not proceed any further and report your verdict to the Court. If you have answered "Yes" to Question "6" or "7", proceed to Question "8."

8.      State the amount awarded for past pain and suffering as a result of this accident.

The answer to this question must be unanimous. If you decide not to make an award, insert the word "None."

Award for past pain and suffering $_____.

Proceed to Question "9."

9.      State the amount awarded, if any, for future pain and suffering as a result of this accident.

The answer to this question must be unanimous. If you decide not to make an award, insert the word "None."

Award for future pain and suffering $ _____.

Once you have completed filling out the Verdict Sheet, advise the Court that you have a verdict and return to the courtroom.